Luis SEPULVEDA, Petitioner,

v.

Alberto GONZALES,* Attorney General of the United States, Respondent.

No. 03–40643, 04–0187.

United States Court of Appeals, Second Circuit.

Jan. 5, 2006.

Matthew L. Guadagno (Kerry W. Bretz, Jules E. Coven, on the brief), Bretz & Coven, LLP, New York, NY, for Petitioner.

Richard D. Kaufman, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, on the brief), Buffalo, NY, for Respondent.

Present: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. LEWIS A. KAPLAN, District Judge.**

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review

---

* The Clerk of the Court is directed to substitute Alberto Gonzales for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Federal Rule of Appellate Procedure 43(c)(2).

** The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

of two orders of the Board of Immigration Appeals ("BIA") are DENIED.

Petitioner Luis Sepulveda petitions for review of the BIA's August 27, 2003 order denying his motion to reopen his removal proceedings on the basis of ineffective assistance of counsel and the BIA's December 10, 2003 order denying his motion to reconsider its earlier ruling. We assume the parties' familiarity with the facts and procedural history of the case.

In its August 27, 2003 order, the BIA concluded that Sepulveda had not met his burden of proof for establishing that he was denied the effective assistance of counsel in his removal proceedings. The BIA reiterated, in its December 10, 2003 order, that Sepulveda had not met his burden of proof and also stated that it had no authority to extend the deadline for filing a visa application necessary for adjustment of status under § 245(i) of the Immigration and Nationality Act, 8 U.S.C. § 1255(i). We need not reach the issue of whether the filing deadline in § 245(i) is a statute of repose or a statute of limitations subject to equitable tolling or whether *nunc pro tunc* relief would be available in the circumstances of this case. In the absence of any documentary evidence establishing the existence of an I–130 application prepared in 1999 and in light of the fact that Sepulveda and his wife attest only that they "began preparing" the I–130 application with their attorney's paralegal at that time and that Sepulveda's wife indicated, in the I–130 application filed in April 2002, that she had not previously filed such an application, we agree with the BIA that Sepulveda has not met his burden of proving his ineffective assistance of counsel claim.

For the foregoing reasons, Sepulveda's petitions for review are DENIED.